## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| SHARVON BROWN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | FEB 09 2018 |
| | : | KATE L. ____ Clerk |
| CLAUDETTE COTTON, | : | NO. 18-533    By_____ Dep. Clerk |
| Defendant. | : | |

### MEMORANDUM

SÁNCHEZ, J.            FEBRUARY 9, 2018

Plaintiff Sharvon Brown filed this civil action against Claudette Cotton. It also appears

that she intended to bring claims against Ms. Cotton's husband, James Connell Boone, although

she failed to name Mr. Boone as a defendant in the caption in accordance with Federal Rule of

Civil Procedure 10. Ms. Brown also filed a motion to proceed *in forma pauperis*. For the

following reasons, the Court will grant Ms. Brown leave to proceed *in forma pauperis* and

dismiss her complaint.

### I.    FACTS

Ms. Brown does not provide much information in her Complaint. She seems to be

alleging that Ms. Cotton owes her $300.00 and that Mr. Boone owes her $100.00. She alleges

that they "all check in the food stamp card and get cash back." (Compl. at 4.) In the caption of

the Complaint, Ms. Brown indicates that Ms. Cotton "owe[s] [her] 300.00 dollars and she getting

money while don't get service but no service in the home has a care take and break down the

check which she should has service but don't." (*Id.* at 1.) It appears from the cover sheet that

Ms. Brown filled out that she believes she is bringing this case based on a "federal offense."

1

## II.    STANDARD OF REVIEW

Ms. Brown is granted leave to proceed *in forma pauperis* because it appears that she is

not capable of paying the fees to commence this civil action. As Ms. Brown is proceeding *in

forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. That provision require the Court to

dismiss the Complaint if it fails to state a claim. To survive dismissal, the complaint must

contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory

statements[] do not suffice." *Id.* As Ms. Brown is proceeding *pro se*, the Court construes her

allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Additionally, Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a

short and plain statement of the claim showing that the pleader is entitled to relief." A district

court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is

so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well

disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Moreover,

"if the court determines at any time that it lacks subject-matter jurisdiction, the court must

dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III.    DISCUSSION

Ms. Brown's Complaint does not comply with Rule 8(a) or state a claim because Ms.

Brown has not set forth a clear explanation of the facts giving rise to a claim against the

Defendants. Although Ms. Brown alleges that the Defendants owe her money, apparently in

connection with federal benefits, it does not appear that she has any basis for a claim for relief

within the Court's jurisdiction. If she sought to report a federal crime, she should report that

crime to the United States Attorney's Office for this district rather than initiating a lawsuit in this

2

Court. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam)

("[T]here is no federal right to require the government to initiate criminal proceedings." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[F]ederal courts lack the power to direct the filing of criminal charges."), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (per curiam).

As noted above, the Court cannot discern any plausible basis for a federal claim here. There is also no basis for jurisdiction over any state law claims. The only possible basis for the Court's jurisdiction over state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires "complete diversity," which in turn requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Here, the Complaint reflects that the parties are not completely diverse and that the amount in controversy is $400.00, which is far below the jurisdictional threshold.

## IV.   CONCLUSION

The Court will dismiss the Complaint for the reasons above. As it appears that Ms. Brown cannot cure the defects in her claims, she will not be given leave to amend. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate order follows.

3